IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-7-BO

| | |
|---|---|
| MARION F. ROSE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 21, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff applied for SSI on January 24, 2012, alleging disability since January 1, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The Appeals Council remanded plaintiff's claim to the ALJ for further consideration. The ALJ conducted a second hearing on January 11, 2016, and by decision entered March 2, 2016, plaintiff's claim was denied. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his application date. Plaintiff's bipolar I disorder; antisocial personality disorder, lumbar degenerative disc disease, and obesity were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. At step four, the ALJ concluded that plaintiff had the RFC to perform light work with limitations and found that plaintiff was unable to perform his past relevant work as a laborer. At step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform, including small parts assembler, electronics worker, laundry folder, table worker, glass checker, and garment sorter. Thus, the ALJ concluded that plaintiff was not disabled as of the date of her decision.

In this appeal, plaintiff first contends that the ALJ failed to give a full explanation of the nonexertional mental functions associated with plaintiff's mental impairments and that the RFC finding is flawed. Plaintiff further contends that the ALJ improperly relied on the testimony of a

3

vocational expert that conflicts with the *Dictionary of Occupational Titles* (DOT) without first obtaining an explanation in violation of SSR 00-4p.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). In regard to plaintiff's non-exertional limitations, the ALJ found that plaintiff had mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in maintaining concentration persistence or pace. Tr. 30. The ALJ found that, overall, the evidence supported a conclusion that plaintiff's mental impairments have shown a good response to medication and that plaintiff remained functional though his abilities were reduced by his impairments. Tr. 38. In determining plaintiff's RFC, the ALJ, in addition to exertional limitations, found that plaintiff could perform simple, routine, and repetitive tasks not at a production rate, could make simple work-related decisions, could have occasional contact with supervisors and occasional incidental contact with co-workers, and no interaction with the general public. Tr. 31.

Plaintiff relies on the holding in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), where the Fourth Circuit joined with other circuits in finding that a restriction to simple, routine tasks or unskilled work does not account for a plaintiff's limitations in concentration, persistence, and pace, to contend that the ALJ's RFC did not properly account for his mental limitations. However, unlike the ALJ in *Mascio*, the ALJ here did not simply limit plaintiff to simple, routine, repetitive tasks or unskilled work. Rather, the ALJ included further specific limitations regarding the pace of work plaintiff could perform, the kinds of decisions that plaintiff could make at work, and the nature and extent of the contact plaintiff could maintain with supervisors, co-workers, and the public. *See, e.g., Weeks v. Colvin*, No. 5:14-CV-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept.

4

8, 2015) (limitations including occasional contact with general public and few workplace changes sufficiently accounts for limitations in concentration and persistence); *see also Russo v. Astrue*, 421 F. App'x 184, 192 (3d Cir. 2011) (limitation to non-quota work sufficient to account for moderate difficulties in concentration, persistence, and pace). The ALJ further included specific examples of the limitations imposed, including describing "occasional incidental contact with co-workers" as a brief greeting. The Court finds that the ALJ's limitations reflected in the RFC adequately address the plaintiff's mental limitations and that the RFC is supported by substantial evidence.

Plaintiff next contends that there is an unaddressed conflict between the RFC limitation to non-production pace work and the jobs identified by the vocational expert (VE) because some of the jobs identified by the VE appear to be production jobs. Social Security Ruling 00-4p requires that an ALJ must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the *Dictionary of Occupational Titles*" and must "explain in the . . . decision how any conflict that has been identified was resolved." SSR 00-4p. "An expert's testimony that apparently conflicts with the *Dictionary* can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary." *Pearson v. Colvin*, 810 F.3d 204, 209-10 (4th Cir. 2015).

Here, the VE affirmatively stated that her testimony was consistent with the DOT. Tr. 86. However, "an ALJ has not fulfilled his affirmative duty merely because the vocational expert responds 'yes' when asked if her testimony is consistent with the *Dictionary*." *Pearson*, 810 F.3d at 208 (internal alterations, quotation, citation omitted). Plaintiff specifically identifies the job of

5

small parts operator as being in apparent conflict with the ALJ's limitation to non-production paced work, but the VE in this matter identified several jobs which would exist in significant numbers in the national economy which plaintiff could perform. Thus, even if the small parts operator job were found to be in conflict with the RFC, such error would be harmless as other jobs were identified and plaintiff has failed to make a sufficient showing that any of the remaining jobs are in apparent conflict with the DOT. *See Pearson*, 810 F.3d at 209 (rejecting Pearson's claim that all possible conflicts must be identified and resolved). For example, the job of electronics worker, DOT number 726.687-010, does not include any reference to production pace or similar-type work. *See* https://occupationalinfo.org/72/726687010.html. The VE testified that there are 38,900 of these positions nationally. Tr. 85. This is sufficient to satisfy the Commissioner's burden at step five. *See Hodges v. Apfel*, 203 F.3d 820 (4th Cir. 2000) (unpublished table decision).

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is DENIED and defendant's motion for judgment on the pleadings [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___9___ day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE